UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RUTHERLAN ENTERPRISES,

    Plaintiff,

  v.

    Case No. 2:14-cv-0019
    JUDGE GREGORY L. FROST
    Magistrate Judge Elizabeth P. Deavers

ZETTLER HARDWARE, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Nicholas Zettler, Luke Stratton, Peter Michailidis, Zettler Hardware and Alex Rouse's ("Defendants") motion for Rule 11 sanctions (ECF No. 55), Plaintiff's response in opposition (ECF No. 58), and Defendants' reply memorandum (ECF No. 62.)  For the reasons that follow, the Court **DENIES** the motion.

    **I.**    **BACKGROUND**

In 2011, Plaintiff filed a complaint against defendant Substruct Systems, LLC ("Substruct") for fraudulent misrepresentation, breach of contract, and related claims regarding a software program that Substruct sold to Plaintiff.  After dismissing that case, Plaintiff filed a subsequent complaint for the same alleged misconduct (the "Complaint").  The Complaint names Defendants, in addition to Substruct, as defendants in this action.

Shortly after receiving notice of the Complaint, on February 21, 2014, Defendants' attorney sent a letter to Plaintiff's attorney.  The letter states that the allegations against Defendants are "conclusory and without the proper foundation." (ECF No. 55-1, at PAGEID # 809.)  The letter then sets forth additional reasons why the allegations against each Defendant

must be dismissed.  Finally, the letter states: "This letter will serve to place you on notice that if you do not forthwith dismiss [Defendants] from the present case each of the parties will not only seek an early dismissal but will also file a motion for sanction [sic] under Rule 11 of the Federal Rules of Civil Procedure."  (*Id*. at PAGEID # 810.)

Plaintiff did not dismiss Defendants from this case.  Instead, Defendants answered the complaint, took a deposition, and filed a motion for summary judgment on a statute of limitations issue.  The Court granted the motion in part and entered judgment in Defendants' favor on the fraudulent misrepresentation claim.  The Court denied summary judgment on the breach of contract claim because it found that such a ruling would be premature.

Defendants now move for sanctions pursuant to Federal Rule of Civil Procedure 11.  In support of their motion, Defendants argue that Plaintiff "knowingly prosecuted a baseless and frivolous claim for fraudulent misrepresentation against Defendants despite repeated entreaties to dismiss the claim and warnings that Defendants would pursue a motion for Rule 11 sanctions if Plaintiff persisted in litigating against Defendants for the claim in this case."  (ECF No. 55, at PAGEID # 798.)

Plaintiff opposes the motion on both substantive and procedural grounds.  Specifically, Plaintiff argues that Defendants' motion is deficient because it does not satisfy Rule 11's twenty-one-day safe harbor provision.

**II.     ANALYSIS**

Rule 11(b) provides as follows:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>  **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>  **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>  **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>  **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 also contains a "safe harbor" provision, which provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). *The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets*.

Fed. R. Civ. P. 11(c)(2) (emphasis added). The Sixth Circuit has interpreted the latter provision consistently with its plain language. That is: "the rule specifically requires formal service of a motion." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014). The word motion "definitionally excludes warning letters." *Id*. " 'In other words, the Advisory Committee's Notes clearly suggest that warning letters . . . are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself.' " *Id*. (quoting *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2008)).

The Sixth Circuit discussed several policy considerations that support this interpretation of Rule 11. The court noted that "the safe harbor period begins to run only upon service of the motion in order to stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule." *Id*. (quoting Fed. R. Civ. P. 11, advisory committee's notes (1993 amendments)) (internal quotations omitted). The court added: "[w]hereas a properly-served motion unambiguously alerts the recipient that he must withdraw his contention within twenty-one days or defend it against the arguments raised in that motion, a letter prompts the recipient to guess at his opponent's seriousness." *Id*. (citing *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001)). The court ultimately affirmed the district court's denial of sanctions on the ground that the moving party failed to serve its motion twenty-one days in advance of filing and therefore failed "to observe the mandatory procedures of Rule 11." *Id*.

Here, although it does not cite *Penn*, Plaintiff argues that Defendants' motion is defective because Defendants failed to serve the motion itself at least twenty-one days before filing it. The Court agrees. Defendants do not argue that they formally served their motion on Plaintiff at any time before filing it with the Court. And Defendants' February 20, 2014 warning letter is insufficient to satisfy Rule 11's safe harbor provision. *See Penn*, 773 F.3d at 767. Defendants do not address this issue in their reply memorandum.

Defendants' failure to properly serve their motion invokes the Sixth Circuit's stated concerns in *Penn*. First, Defendants' February 20, 2014 warning letter did not unambiguously alert Plaintiff that it must dismiss the fraudulent misrepresentation claim or face a motion for sanctions. To the contrary, the warning letter alerted Plaintiff to several legal issues that Defendants later raised in a motion to dismiss the fraudulent misrepresentation and breach of

4

contract claim, Plaintiff responded to those issues, and the Court agreed with Defendants on one issue but not the other.  Defendants then waited an additional six months before filing their motion for sanctions.  Plaintiff certainly was forced to "guess at [its] opponent's seriousness" when it originally received the February 20, 2014 letter—and for many months after it received the same— as to whether a Rule 11 motion would be filed.

Second, the February 20, 2014 warning letter differs substantially from the motion and did not give adequate warning of the arguments for sanctions that Plaintiff eventually made.  Not only does the letter include arguments about a breach of contract claim that are not the subject of Defendants' motion, such that the letter does not "define precisely the conduct claimed to violate the rule," but the letter includes only a passing reference to (and no analysis of) Rule 11.  The letter therefore does not serve the purposes of Rule 11's safe harbor provision.

Put simply, the Sixth Circuit has outlined a bright-line rule for compliance with Rule 11's safe harbor provision.  Defendants failed to satisfy that rule.  The Court accordingly **DENIES** Defendants' motion for sanctions.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion.  (ECF No. 55.)

**IT IS SO ORDERED.**

                                          **/s/ Gregory L. Frost**
                                          **GREGORY L. FROST**
                                          **UNITED STATES DISTRICT JUDGE**