From: **joseph a. bahgat** joe@hubcitylawgroup.com
Subject: Rutherlan–Zettler RPDs attached
Date: October 2, 2015 at 4:21 PM
To: Gregory Barwell gbarwell@wesplaw.com



Greg – following up on our discussion at the close of Luke Stratton's deposition last week, I am attaching a list of plaintiff's supplemental document requests.

Thanks,

Joe



**Joseph A. Bahgat | Principal Attorney**

Columbus OH | New Brunswick NJ | 877.721.9027 x.110

website | blog | vCard | email





DEFENDANT'S EXHIBIT 1

# WESP BARWELL CARPENTER LLC

Gregory P. Barwell
GBarwell@WespLaw.com

February 20, 2014

Joe Bahgat                              VIA EMAIL: JOE@HUBCITYLAWGROUP.COM
Hubcity Lawgroup
104 Bayard St., Ste. 502
New Brunswick, NJ 08901

    Re: Rutherlan Enterprises, Inc. v. Substruct Systems, LLC et. al.

Dear Mr. Bahgat,

As you know, this firm represented Substruct Systems, LLC in case 2:11-cv-859 filed September 26, 2011 by your firm. I am writing to advise you that our firm has been retained to represent Nicholas Zettler and Zettler Hardware. We have not been retained as counsel for Substruct Systems, LLC as the company has been dissolved. According to your complaint you have added claims individually against Luke Stratton, Alex Rouse and Peter Michailidis. I also note that you have not been able to perfect service on Mr. Stratton, Mr. Rouse or Mr. Michailidis. I advise you that we are willing to accept a waiver of service for Mr. Stratton, Mr. Rouse and Mr. Michailidis.

I have reviewed the "Civil Cover Sheet" filed with your complaint. I was distressed to see that you failed to follow the Southern District's Local Rules notifying the court of related cases including previously filed cases. I invite you to visit the website for the United States District Court for the Southern District of Ohio where you will find Local Rule 3.1(b) which states:

> "It is the personal responsibility of plaintiff's counsel to identify on the civil cover sheet or other form provided by the Clerk's Office any previously-filed case or cases in the district that counsel knows or believes to be related. After the initial filing of a case, counsel for any party in that case may call to the Court's attention any other case by filing a notice of related case(s)."

Therefore, please file the appropriate "Notice of Related Case" with the clerk so that this matter will be transferred to Judge Frost.

Now I wish to turn attention to some troubling substantive issues. Your complaint adds Alex Rouse, Luke Stratton, Peter Michailidis, Nicholas Zettler and Zettler Hardware as additional defendants. Although its not alleged in your complaint, I am guessing the parties have been added solely for the claim of fraudulent misrepresentation. These individuals, although known at


DEFENDANT'S EXHIBIT 2

Joe Bahgat
February 21, 2014
Page 2

the time of your original complaint in 2011, were never named individually in that case. Your new complaint (Case No. 2:14-cv-19) fails to point to any additional facts that would give rise to these individuals personal responsibility to your client. Even with the appropriate supporting facts your complaint is still without merit. Without delving into the legal reasons as to why you cannot bring a claim for breach of contract, unjust enrichment, breach of implied warranty and breach of express warranty against non-contracting parties, I will focus on the only claim that could survive a 12(b)(6) motion if it was pled properly and timely – fraudulent misrepresentation.

The fraudulent representation allegation fails under Fed. R. 9 and *Twombly* standard. Fed. R. 9 states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Further, the Supreme Court held in Twombly:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (CA7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (U.S. 2007)

The elements of fraudulent misrepresentation are: (1) an actual or implied false representation concerning a fact or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction; (3) knowledge of the falsity of the representation or such recklessness or utter disregard for its truthfulness that knowledge may be inferred; (4) intent to induce reliance on the representation; (5) justifiable reliance; and (6) injury proximately caused by the reliance. *Simon Property Group, L.P. v. Kill*, Allen App. No. 1-09-30, 2010 Ohio 1492, ¶17. The allegation in your complaint for fraudulent misrepresentation is conclusory and without the proper foundation that meet the standards under Fed. R. 9 and *Twombly*, therefore it must be dismissed against Messrs. Stratton, Rouse, Michailidis and Zettler as well as Zettler Hardware.

As to each of the "new" defendants you filed against, the following are the reason(s) as to why they must be dismissed.

1. Peter Michailidis: Mr. Michailidis was only an employee of Substruct Systems, LLC. Mr. Michailidis was never an agent, representative or member, nor has he ever held any other position with Substruct that would place him in a position where he would

Joe Bahgat
February 21, 2014
Page 3

    be personally liable for any representations that he may have made to your client. For this sole reason Mr. Michailidis must be dismissed.

2. **Nicholas Zettler and Zettler Hardware:** The additions of Mr. Zettler and his hardware company to your complaint are very disconcerting. The mere fact that you included Mr. Zettler and his hardware company are frivolous. Since you obviously failed to review Mr. Caplan's deposition prior to filing this new complaint, let me direct your attention to the appropriate pages that demonstrate the injudiciousness of this claim. On pages 19-20 of Mr. Caplan's deposition transcript I asked Mr. Caplan several questions regarding Nicholas and John Zettler (who you failed to include in your complaint) regarding his communications. I asked Mr. Caplan "[d]id either the Zettlers send you any communications, either e-mail or letter, regarding the Substruct System? Mr. Caplan answered "No, they did not." I then followed up with "[s]o you've had zero communication from either Nicholas Zettler or John Zettler." Mr. Caplan answered "No."

   Since Nicholas Zettler (or Zettler Hardware) ever communicated with Mr. Caplan, it is without saying that there were never any statements for Mr. Caplan to rely upon. Therefore, Nicholas Zettler must be dismissed from this action.

3. **Alex Rouse:** The fraudulent misrepresentation allegation states "[d]uring several phone calls in the latter months of 2008, defendants Stratton, Michailidis, and Rouse state the following to Terry Caplan:" Mr. Caplan testified that he spoke to Mr. Rouse but it was not until after the contract was entered with Substruct. *(Caplan Deposition p. 26).* Your allegation against Mr. Rouse is false. There were no statements from Mr. Rouse that Mr. Caplan relied upon to enter the contract. Mr. Rouse must be dismissed from this action.

4. **Luke Stratton:** Mr. Stratton will be addressed below.

Assuming that your complaint was pled properly and that the defendants made statements that Mr. Caplan relied upon that caused him injury, your claim for fraudulent misrepresentation must be dismissed because it was filed beyond the statute of limitations. Under Ohio law fraudulent misrepresentation is subject to the four-year statute of limitations set forth in R.C. 2305.09(C). The statute begins to run when your client is on notice of the alleged facts giving rise to his claim. *Craggett v. Adell*, 92 Ohio App.3d 443, 454, 635 N.E.2d 1326 (1993). Your client admits the contract between Rutherlan Enterprises, Inc. and Substruct Systems, LLC was entered somewhere between June and December 2008. *(Caplan Deposition p. 26-27).* Your client testified that as of May 2009 he decided to remove the Substruct software and reinstall the Activant point of sale software. On September 16, 2009, your client informed Substruct that he was canceling the service contract and would like his money refunded. *(Caplan Deposition p. 69-74).* Even if we use the latest date of September 2009, Rutherlan was aware, or should have been aware, of the alleged fraud well before January 7, 2010 (four years prior to the filing of the

Joe Bahgat
February 21, 2014
Page 4

Case No. 2:14-cv-19 on January 7, 2014). Therefore, Mr. Stratton, Mr. Rouse, Mr. Michailidis, Mr. Zettler and Zettler Hardware must be dismissed as parties from this action.

This letter will serve to place you on notice that if you do not forthwith dismiss Luke Stratton, Alex Rouse, Peter Michailidis, Nicholas Zettler and Zettler Hardware from the present case each of the parties will not only seek an early dismissal but will also file a motion for sanction under Rule 11 of the Federal Rules of Civil Procedure.

As I stated above, I am authorized to accept waiver of service for Messrs. Stratton Rouse and Michailidis. Although that should be unnecessary given the facts of this case and that you are well beyond the statute of limitations for filing against these individuals. Regardless, I would like to set a conference call with Magistrate Deavers at the earliest time possible to discuss an extension for filing a responsive pleading. As the deadline is March 5, 2014, for Mr. Zettler and Zettler Hardware to file a responsive pleading, and given the 21-day safe harbor rule, your response to my letter will extend beyond March 5, 2014. I will be seeking a further extension of time in order for you to send me your response.

Should you have any questions please do not hesitate to contact me.

Sincerely,

Gregory Barwell



**HUBCITY**
LAW GROUP

**ABE BAHGAT**
*Admitted in OH*
abe@hubcitylawgroup.com

**JOSEPH A. BAHGAT**
*Admitted in NJ & OH*
joe@hubcitylawgroup.com

104 BAYARD ST STE 502
NEW BRUNSWICK NJ 08901
732 733 2385
732 733 2386 FAX

338 SOUTH HIGH ST
COLUMBUS OH 43215
614 221 4911
614 221 5110 FAX

www.hubcitylawgroup.com

24 February 2014

BY EMAIL ONLY *(gbarwell@wesplaw.com)*

Gregory P. Barwell, Esq.
Wesp Barwell Carpenter LLC
6400 Riverside Drive, Suite D
Dublin, Ohio 43017

Re:   Rutherlan Enterprises v. Nicholas Zettler, et al.
      S.D. Ohio No. 2:14-cv-0019

Dear Mr. Barwell:

I received your letter Friday, to which I take the following exceptions:

1) Since you have agreed to accept service on behalf of the un-served defendants, I will send you waiver forms. Regarding the other defendants, another attorney has already entered an appearance on behalf of Zettler/Zettler Hardware. Are you going to be filing a substitution?

2) The "related cases" box on the civil cover sheet was unchecked because I believed that this case does not satisfy the definition and/or characterization of such cases, as described in the local rules. Aside from the fact that the parties are different—you have even asserted the argument that Substruct is immune from suit—the reasoning for my conclusion is that this case fails three of the four criteria in the rule. Specifically, because of the fact that discovery wasn't even close to complete in the prior case, and no proceedings had taken place, nothing would need to be duplicated in this case; thus, there would be no waste of judicial resources, which is the stated purpose of the rule.

3) If you want to file a notice of related cases, that's your prerogative, as Loc. R. 3.1(b) provides: "After the initial filing of a case, counsel for any party in that case may call to the Court's attention any other case by filing a notice of related case(s)."

4) As far as who was named in the prior suit versus the additional defendants in this suit, although the additional defendants' identities may have been known, their level of involvement and culpability did not become apparent until Nicolas Zettler's January 2013 deposition. It is my opinion and belief that Substruct Systems LLC was nothing more than a corporate fiction, created to shield Nicholas Zettler from liability for the tortious and fraudulent acts of his employees.

5) Your assertion regarding Peter Michailidis's liability is an issue of fact for the jury. Moreover, based on Zettler's deposition, Peter was an



DEFENDANT'S
EXHIBIT
3

Gregory P. Barwell, Esq.
24-Feb-14
Page 2 of 2

officer of the company.

6) Nicholas Zettler's liability centers on the fact that he masterminded and funded the whole scheme to rip-off another Ace franchisee that had no idea the system they were selling under the name "Substruct" was little more than a high school science experiment.

7) The facts that give rise to the individual fraud claims did not become known until Zettler's 2013 deposition. Regardless, your clients are guilty of fraud because there is documentary evidence that after your associate filed Substruct's certificate of dissolution with the Ohio secretary of state, the company—or its operators—continued to exist, and continued to solicit and collect revenue.

If you have any further questions or concerns, feel free to let me know. In any event, I will get the waiver forms to you as soon as possible.

Very truly yours,

Joseph A. Bahgat

JAB/LT:tz

CC: Mr. Terry Caplan

From: **Gregory Barwell** gbarwell@wesplaw.com
Subject: **Re: [Rutherlan Substruct]**
Date: **December 19, 2014 at 1:14 PM**
To: **Joseph Bahgat** joe@hubcitylawgroup.com



Joe,

Please get back to me regarding dismissal and position on Rule 11 for attorney fees on the MSJ for Statute Limitations.

Thanks

Greg

Gregory P. Barwell
*Wesp Barwell, LLC*
*Attorneys at Law*
100 East Broad Street
Suite 2350
Columbus, Ohio 43215
614-456-0488
gbarwell@wesplaw.com

This electronic message transmission contains information from Wesp Barwell, LLC, which is privileged, confidential, or otherwise the exclusive property of the intended recipient or Wesp Barwell, LLC. This information is intended for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify us by telephone at (614) 456-0488 or by electronic mail at gbarwell@wesplaw.com and promptly destroy the original transmission. Thank you for your assistance.

U.S. TREASURY DEPARTMENT NOTICE/CIRCULAR 230 DISCLAIMER: Pursuant to regulations governing the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and appraisers before the Internal Revenue Service, unless otherwise expressly stated, any U.S. federal or state tax advice in this communication (including any attachments) is not intended or written to be used, and cannot be used, by a taxpayer for the purpose of (i) avoiding penalties that may be imposed under federal or state tax law or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

On Dec 5, 2014, at 5:09 PM, Joseph Bahgat <joe@hubcitylawgroup.com> wrote:

> Greg – I'm sure you saw my email regarding mediation. Sorry I haven't gotten back to you yet. I had a bunch of motions being argued today, so I was preparing for that, and have been playing catch up since I got back from court.
>
> I'm available now to talk, if you are. If not, next week is fine too. Have a good weekend.
>
> Joe



**Joseph A. Bahgat | Principal Attorney**

Columbus, OH | New Brunswick, NJ

877.721.9027 office/fax | 732.903.4529 mobile

website | blog | vCard | email



From: **Gregory Barwell** gbarwell@wesplaw.com
Subject: Re: [Rutherlan – Zettler] Discovery Requests Served
Date: February 5, 2015 at 4:09 PM
To: Joseph Bahgat joe@hubcitylawgroup.com



Joe,

We need to talk. You do not have a judgment against Zettler so he can move whatever assets he wishes too. Any "commingling" of funds would then show from Substructs financials. And remember that this is only a theory of yours based upon case law that Subtract was under capitalized. There is no proof, evidence or anything else that would point to this allegation. It is simply a fishing expedition unsupported by any facts. I want to work with you, but as you must protect your client, I must do the same.

Since Substruct was closed so long ago we will have to most likely have you subpoena bank records because I don't think they are in our possession. I will have our client begin to get tax returns for Substruct to begin the process.

Greg



Greg Barwell, Attorney at Law
100 East Broad Street / Suite 2350 / Columbus, Ohio 43215
Direct Phone 614.778.8199 / Phone & Fax 614.456.0488
gbarwell@wesplaw.com

This electronic message transmission contains information from Wesp Barwell, LLC, which is privileged, confidential, or otherwise the exclusive property of the intended recipient or Wesp Barwell, LLC. This information is intended for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify us by telephone at (614) 456-0488 or by electronic mail at gbarwell@wesplaw.com and promptly destroy the original transmission. Thank you for your assistance.

U.S. TREASURY DEPARTMENT NOTICE/CIRCULAR 230 DISCLAIMER: Pursuant to regulations governing the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and appraisers before the Internal Revenue Service, unless otherwise expressly stated, any U.S. federal or state tax advice in this communication (including any attachments) is not intended or written to be used, and cannot be used, by a taxpayer for the purpose of (i) avoiding penalties that may be imposed under federal or state tax law or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

On Feb 5, 2015, at 7:00 AM, Joseph Bahgat <joe@hubcitylawgroup.com> wrote:

Greg -- I'm happy to discuss it with you, but here's the gist of why they're gonna have to give me the financials:

1. The basis for Zettler's liability is that Substruct was simply an alter ego. The first step in proving the alter ego theory is demonstrating that Substruct was grossly undercapitalized, that the two entities were commingling funds, etc. What I sent you so far was just interrogatories; I haven't even gotten to the document requests yet.

2. You indicated during one of our settlement conferences that Nick Zettler has been in the process of transferring his assets, including Zettler Hardware. I need to make sure that all of those assets are identifiable.

3. Even if the defendants' financial data was directly relevant to liability, you know that evidence doesn't have to be relevant to be discoverable. What matters is that the information requested is likely to lead to admissible evidence.

If you want to talk on the phone today, I should have some free time in the afternoon. Tomorrow is a motion day, however, so I'll be in court most of the day.

Best,

Joe

On Wednesday, February 4, 2015, Gregory Barwell <gbarwell@wesplaw.com> wrote:
Joe,

I downloaded one file and noticed you are requesting banking information for Zettler. Are you planning on requesting banking information for each and every defendant? I think we went down this path once before and I believe that all private banking information is not relevant to this matter. Its an open ended request for information that does not relate to the causes of action. I think its more appropriate for that information in a debtors exam but not for discovery. I don't want to be obtuse, but this type of information is a little over the top and not relevant. If you want to request specific payment information from Substruct to individuals then I may that relevant but reserve the right to object.

With that said, we may be able to provide some information that we have in our possession. But we will need addition IRS tax filings for Subtruct so I can send you K-1's.



DEFENDANT'S
EXHIBIT
5

Let me know if you want to talk on the phone regarding this issue.

Greg

<signatureB.jpg>

This electronic message transmission contains information from Wesp Barwell, LLC, which is privileged, confidential, or otherwise the exclusive property of the intended recipient or Wesp Barwell, LLC. This information is intended for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify us by telephone at (614) 456-0488 or by electronic mail at gbarwell@wesplaw.com and promptly destroy the original transmission. Thank you for your assistance.

U.S. TREASURY DEPARTMENT NOTICE/CIRCULAR 230 DISCLAIMER: Pursuant to regulations governing the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and appraisers before the Internal Revenue Service, unless otherwise expressly stated, any U.S. federal or state tax advice in this communication (including any attachments) is not intended or written to be used, and cannot be used, by a taxpayer for the purpose of (i) avoiding penalties that may be imposed under federal or state tax law or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

On Feb 4, 2015, at 4:28 PM, Joseph Bahgat <joe@hubcitylawgroup.com> wrote:

Greg –

Just in case you didn't see them yet, I sent you plaintiff's first set of rogs to Peter M. Stratton, Rouse, and Zettler Hardware. I sent you both Word & PDF files. Please let me know if you don't receive them from Clio Connect.

Also, did you get the order regarding settlement week in March? We need to respond to Sherry Nichols by Monday 2/9. Let me know your thoughts.

Thanks,

Joe



**Joseph A. Bahgat | Principal Attorney**

**Columbus, OH | New Brunswick, NJ**

877.721.9027 office/fax | 908.219.9167 mobile

website | blog | vCard | email

From: **Gregory Barwell** gbarwell@wesplaw.com
Subject: **Re: Rutherlan v. Substruct**
Date: **May 8, 2015 at 11:23 AM**
To: **Joseph Bahgat** joe@hubcitylawgroup.com
Cc: **Quinn Schmiege** qschmiege@wesplaw.com



Joe,

We will need to begin scheduling depositions. I don't recall agreeing to depose Terry in California but maybe we can squeeze him in. Also, remember that Alex and Peter are in two different places in California; one San Fran and the other LA. This is not going to be a cheap trip. I also recommend considering dropping Peter from the suit because he was only an employee and cannot be held responsible for any of the claims your client is pursuing. I will be presenting you with additional case law and requesting that you dismiss the individual claims against the remainder of the defendants.

Since fraud in the inducement was dismissed by the Court against Zettler Hardware how are any of the current claims valid? Zettler Hardware cannot be held liable for beach of contract, breach of warranty or unjust enrichment. The only way you can get to much of anything is through piercing the corporate veil. I will prepare some case law but I do ask that you consider streamlining this case so needless money is not wasted on these claims.

With all that said, would it make sense to begin with the deposition of Luke Stratton and then maybe back with Nick Zettler? I think that may help with who (if any) are responsible if you are able to pierce the corporate veil.

Let me know your thoughts and I am always open to any case law that you may have that will assist me to push my clients to settle. Without any I can only press with my defenses.

Thanks

Greg



**WESPBARWELL**

**Greg Barwell, Attorney at Law**

100 East Broad Street / Suite 2350 / Columbus, Ohio 43215
Direct Phone 614.778.8199 / Phone & Fax 614.456.0488

gbarwell@wesplaw.com

This electronic message transmission contains information from Wesp Barwell, LLC, which is privileged, confidential, or otherwise the exclusive property of the intended recipient or Wesp Barwell, LLC. This information is intended for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify us by telephone at (614) 456-0488 or by electronic mail at gbarwell@wesplaw.com and promptly destroy the original transmission. Thank you for your assistance.

U.S. TREASURY DEPARTMENT NOTICE/CIRCULAR 230 DISCLAIMER: Pursuant to regulations governing the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and appraisers before the Internal Revenue Service, unless otherwise expressly stated, any U.S. federal or state tax advice in this communication (including any attachments) is not intended or written to be used, and cannot be used, by a taxpayer for the purpose of (i) avoiding penalties that may be imposed under federal or state tax law or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

On May 8, 2015, at 8:57 AM, Joseph Bahgat <joe@hubcitylawgroup.com> wrote:

Got em. What are we doing as far as deps? I asked Terry (again) to give me his availability to be deposed in California, which is, I believe what you and I agreed on so we can try and get Peter's and/or Alex's deps. done on the same trip west?

**Joseph A. Bahgat**

Bahgat & Bahgat | Attorneys at Law



DEFENDANT'S EXHIBIT 6

Office: 877.721.9027 x. 110

Mobile: 908.219.9167

website | blog | vCard | email

Avvo SuperLawyers

Why is this email five sentences or less?
http://five.sentenc.es

On Thu, May 7, 2015 at 3:52 PM, Gregory Barwell <gbarwell@wesplaw.com> wrote:
Joe,

Attached please find Defendant Nicholas Zettler's first request for Discovery.

Best regards,

Greg



**From:** Gregory Barwell gbarwell@wesplaw.com
**Subject:** Re: Rutherlan v. Substruct
**Date:** May 8, 2015 at 11:23 AM
**To:** Joseph Bahgat joe@hubcitylawgroup.com
**Cc:** Quinn Schmiege qschmiege@wesplaw.com

Joe,

We will need to begin scheduling depositions. I don't recall agreeing to depose Terry in California but maybe we can squeeze him in. Also, remember that Alex and Peter are in two different places in California; one San Fran and the other LA. This is not going to be a cheap trip. I also recommend considering dropping Peter from the suit because he was only an employee and cannot be held responsible for any of the claims your client is pursuing. I will be presenting you with additional case law and requesting that you dismiss the individual claims against the remainder of the defendants.

Since fraud in the inducement was dismissed by the Court against Zettler Hardware how are any of the current claims valid? Zettler Hardware cannot be held liable for beach of contract, breach of warranty or unjust enrichment. The only way you can get to much of anything is through piercing the corporate veil. I will prepare some case law but I do ask that you consider streamlining this case so needless money is not wasted on these claims.

With all that said, would it make sense to begin with the deposition of Luke Stratton and then maybe back with Nick Zettler? I think that may help with who (if any) are responsible if you are able to pierce the corporate veil.

Let me know your thoughts and I am always open to any case law that you may have that will assist me to push my clients to settle. Without any I can only press with my defenses.

Thanks

Greg



**Greg Barwell, Attorney at Law**

100 East Broad Street / Suite 2350 / Columbus, Ohio 43215
Direct Phone 614.778.8199 / Phone & Fax 614.456.0488

gbarwell@wesplaw.com

This electronic message transmission contains information from Wesp Barwell, LLC, which is privileged, confidential, or otherwise the exclusive property of the intended recipient or Wesp Barwell, LLC. This information is intended for the use of the individual or entity that is the intended recipient. If you are not the designated recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this electronic transmission in error, please notify us by telephone at (614) 456-0488 or by electronic mail at gbarwell@wesplaw.com and promptly destroy the original transmission. Thank you for your assistance.

U.S. TREASURY DEPARTMENT NOTICE/CIRCULAR 230 DISCLAIMER: Pursuant to regulations governing the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries and appraisers before the Internal Revenue Service, unless otherwise expressly stated, any U.S. federal or state tax advice in this communication (including any attachments) is not intended or written to be used, and cannot be used, by a taxpayer for the purpose of (i) avoiding penalties that may be imposed under federal or state tax law or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

On May 8, 2015, at 8:57 AM, Joseph Bahgat <joe@hubcitylawgroup.com> wrote:

Got em. What are we doing as far as deps? I asked Terry (again) to give me his availability to be deposed in California, which is, I believe what you and I agreed on so we can try and get Peter's and/or Alex's deps. done on the same trip west?



**Joseph A. Bahgat**

Bahgat & Bahgat | Attorneys at Law



DEFENDANT'S EXHIBIT 7

Office: 877.721.9027 x. 110

Mobile: 908.219.9167

website | blog | vCard | email

Avvo SuperLawyers

Why is this email five sentences or less?
http://five.sentenc.es

On Thu, May 7, 2015 at 3:52 PM, Gregory Barwell <gbarwell@wesplaw.com> wrote:
> Joe,
>
> Attached please find Defendant Nicholas Zettler's first request for Discovery.
>
> Best regards,
>
> Greg



Attorneys at Law

June 2, 2015

Joe Bahgat            VIA EMAIL: JOE@HUBCITYLAWGROUP.COM
Hubcity Lawgroup
104 Bayard St., Ste. 502
New Brunswick, NJ 08901

    Re: Rutherlan Enterprises, Inc. v. Substruct Systems, LLC et. al.

Dear Mr. Bahgat,

You and I have discussed this matter at length regarding the claims against Luke Stratton, Alex Rouse, Peter Michailidis, Nicholas Zettler and Zettler Hardware. On February 20, 2014, I sent you a 21-day letter requesting that you dismiss the fraudulent misrepresentation claim against all the above defendants because it was filed after the statute of limitations expired. As you know, Judge Frost agreed with the defendants and dismissed the fraud claims against each of the defendants except Substruct Systems, LLC.

You and I also discussed dismissing the breach of contract, breach of warranty and unjust enrichment claims against Luke Stratton, Alex Rouse, Peter Michailidis, Nicholas Zettler and Zettler Hardware during a conversation after the last conference with Judge Frost. Your response to me was "As far as Peter is concerned, he is the actual tortfeasor, so he's not going to get out." At this time I am renewing the request to dismiss these claims and I am providing you 21 days notice to dismiss such claims.

Ohio case law is clear that "an officer of a corporation is not personally liable on contracts or on expressed or implied warranties, for which his corporate principal is liable, unless he intentionally or inadvertently binds himself as an individual. Whether or not he is so bound, unless expressly stated, depends upon the intent of the parties." *Aungst v. Creque*, 72 Ohio St. 551; *Centennial Ins. Co. v. Vic Tanny International, Inc.*, 46 Ohio App. 2d 137, 142, 346 N.E.2d 330, 334, 1975 Ohio App. LEXIS 5838, *9-10, 75 Ohio Op. 2d 115, 19 U.C.C. Rep. Serv. (Callaghan) 1089 (Ohio Ct. App., Lucas County 1975); *J.D.S. Properties v. Walsh*, 8th Dist. No. 91733, 2009 Ohio 367, ¶ 19; *Kiddie Co. Enrichment Ctr. v. Cuyahoga County Bd. of Revision*, 2012-Ohio-5717, P1, 984 N.E.2d 347, 348, 2012 Ohio App. LEXIS 4918, 2012 WL 6061240 (Ohio Ct. App., Cuyahoga County 2012).

Luke Stratton signed the contract, not in his individual capacity, but in his corporate capacity as Substruct's representative. He is thus, not personally a party to the contract and neither are the individuals who did not sign including Alex Rouse, Peter Michailidis, Nicholas Zettler and Zettler Hardware. The breach of contract and breach of warranty claims must be dismissed.



Wesp Barwell, LLC
100 East Broad Street / Suite 2350
Columbus, Ohio 43215
Phone & Fax 614.456.0488
wesplaw.com

The remaining claim, unjust enrichment, against defendants Alex Rouse, Peter Michailidis, Nicholas Zettler and Zettler Hardware must also be dismissed. Ohio courts have held that recovery under a theory of unjust enrichment is not appropriate where there exists between the parties an actual contract. *Earhart Petroleum, Inc. v. Yowell Transportation*, 1995 Ohio App. LEXIS 2042, 1995 WL 300728 (Montgomery Cy., May 17, 1995); *Hughes v. Oberholtzer*, 162 Ohio St. 330, 334, 123 N.E.2d 393 (1956); *Hummel v. Hummel*, 133 Ohio St. 520, 528, 14 N.E.2d 923 (1938) (claim for unjust enrichment will lie where there is no enforceable contract). Your client has testified that there is contract in this matter. In fact, it was even alleged in the complaint. Thus, the claim for unjust enrichment must be dismissed against the individual defendants.

I am also going to renew my request once more that you dismiss Peter Michailidis, Nicholas Zettler and Zettler Hardware from your quest to pierce the corporate veil of Substruct Systems, LLC. Mr. Michailidis was an employee of Substruct and cannot be subject to piercing the corporate veil. Zettler Hardware was neither a member, agent, director nor officer of Substruct and therefore not subject to piercing the corporate veil. Finally, as Nicholas Zettler testified he was not an acting member, director or officer of Substruct and cannot be held liable.

I am imploring you to review the case law provided and the representations which will be supported with affidavits from all the members (and ex-employee) and dismiss the individual defendants. You still have the opportunity to prove your theory of piercing the corporate veil and get to whomever the court will permit. But at this time these claims must be dismissed to prevent further time expended on issues that will ultimately be dismissed. I will also remind you that Judge Frost stated in his Opinion *"It is worth noting that Defendants do not assert an argument concerning the application of the Ohio Savings Statute to Plaintiff's four remaining claims. Given the undisputed facts of this case, those claims could have been dismissed on the same ground."* This argument will also be made should you fail to dismiss these actions and I am sure Judge Frost will agree since those are his exact words.

This letter will serve to place you on notice that if you do not forthwith dismiss Luke Stratton, Alex Rouse, Peter Michailidis, Nicholas Zettler and Zettler Hardware from the present case, each of the parties will seek dismissal through summary judgment, and when successful file a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure.

I am open to discuss this matter before further court intervention.

Sincerely,

/s/ Gregory Barwell


Cc: Nicholas Zettler
    Luke Stratton
    Alex Rouse
    Peter Michailidis