IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RUTHERLAN ENTERPRISES, INC.,** : | |
| : | Case No. 2:14-CV-19 |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Deavers |
| **ZETTLER HARDWARE, *et al.*,** : | |
| : | |
| **Defendants.** : | |

## <u>OPINION & ORDER</u>

This matter is before the Court on Defendants' Motion for Award of Reimbursing Attorneys' Fees and Request for Taxation of Costs ("Motion for Attorneys' Fees"). (ECF No. 87). As the Court indicated in its September 29, 2017 Order (ECF No. 96), the Court held a hearing to determine whether Defendants have established their entitlement to attorneys' fees, and if so, whether the amount requested is reasonable. For the reasons set forth below, the Motion for Attorneys' Fees is **DENIED** in so far as it requests reimbursement of attorneys' fees, but the request for litigation costs in the amount of $1,071.10 is **GRANTED**.

### I. BACKGROUND

This Court set forth the factual background in its Order Deferring Ruling on the Motion for Attorney Fees (ECF No. 96) which is hereby incorporated by reference. In summary, Plaintiff filed this lawsuit in January 2014 against Zettler Hardware, Substruct Systems, LLC ("Substruct"), and Messrs. Peter Michailidis, Alexander Rouse, Luke Stratton, and Nicholas Zettler (collectively, the "Individual Defendants"), alleging fraudulent misrepresentation, breach of warranty, breach of contract, and unjust enrichment for facts relating to Defendants sale of a point-of-sale computer system to Plaintiff. (ECF No. 1). Plaintiff previously filed two suits

related to the same facts—first in Hawaii state court against Substruct only, and then in federal district court against Substruct only. The Hawaii state court case was dismissed for improper venue, and the federal district court case was voluntarily dismissed because Plaintiff failed to complete discovery by the deadline and the Court was unwilling to extend the discovery deadlines.

The instant suit was then filed, naming the Individual Defendants in addition to Substruct. On November 14, 2014, the Court granted summary judgment as to Plaintiff's fraudulent misrepresentation claims on statute of limitation grounds, rejecting Plaintiff's arguments that the Ohio Savings Statute tolled the statute of limitations. (*See* ECF No. 42). On May 26, 2016, Plaintiff filed for a motion for default judgment against Substruct for failure to defend the action, which the Court granted on July 1, 2015. (*See* ECF Nos. 53, 60). At the hearing on the motion for default judgment, Plaintiff was unprepared to move forward on his piercing the corporate veil argument for the remaining defendants due to incomplete discovery. The Court extended the discovery deadline, but Plaintiff failed to gain any evidence to support the veil-piercing theory, which led to Defendants' second motion for summary judgment (ECF No. 75) which the Court granted, dismissing Plaintiff's remaining claims (ECF No. 84).

Following the Sixth Circuit's affirmation of summary judgment in Defendants' favor, Defendants filed the motion now at issue, requesting reimbursement of attorneys' fees and taxation of costs (ECF No. 87). In its September 29, 2017 Order, this Court narrowed down the issue to whether Plaintiff acted in bad faith/and or abused the judicial process. (ECF No. 96). The Court held a hearing on the Motion for Attorneys' Fees on October 31, 2017. (ECF No. 97).

## II. STANDARD OF REVIEW

A district court may invoke its inherent powers to sanction a party or its counsel, "when bad faith occurs." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 115 F.Supp.2d 898, 904 (S.D. Ohio 2000), *aff'd*, 307 F.3d 501 (6th Cir. 2002). When a party litigates "in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct is "tantamount to bad faith," *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011), the Court may resort to its inherent authority in order to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation omitted). That ability is not without limits, however, and the Court must "exercise caution in invoking its inherent power" in order to "comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Id.* at 50 (citation omitted).

Sanctions under the Court's inherent powers requires that the Court find "bad faith." *Chambers*, 501 U.S. at 45–46. Specifically, a court must make "actual findings of fact": "[1] that the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose." *Metz*, 655 F.3d at 489 (citing *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)). The Sixth Circuit uses "improper purpose" and "bad faith" interchangeably. *United States ex rel. Tingley v. PNC Fin. Servs. Grp., Inc.*, No. 16-1725, 2017 WL 3098178, at *2 (6th Cir. July 21, 2017) (internal citations omitted). The "mere fact that an action is without merit does not [alone, however,] amount to bad faith." *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753 (6th Cir.2010) (citation omitted). Rather, "the court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Id.* Examples of "something

3

more" include: "a finding that the plaintiff filed the suit for purposes of harassment or delay, or for other improper reasons, a finding that the plaintiff filed a meritless lawsuit and withheld material evidence in support of a claim, or a finding that a party was delaying or disrupting the litigation or hampering enforcement of a court order." *Metz*, 655 F.3d at 489 (internal citations omitted). In addition, a Court may assess attorney fees against a party when the party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975).

### III.     ANALYSIS

#### A.     Attorneys' Fees Are Not Warranted.

Defendants argue that attorneys' fees are warranted on the fraudulent misrepresentation claim and the breach of contract, warranty, and unjust enrichment claims. As a threshold matter, Defendants argue that Plaintiff's fraudulent misrepresentation claim was "patently frivolous because it was filed months after the expiration of the statute of limitations" and Defendants alerted Plaintiff to that fact numerous times. (ECF No. 87 at 4). Plaintiff counters that the fraud claim was not meritless because Plaintiff believed the Ohio Savings Statute applied and thus saved the claim from dismissal based upon the statute of limitations. *See* Transcript of October 31, 2017 Hearing ("Transcript").

Second, Defendants argue that the remaining claims of breach of contract, warranty, and unjust enrichment, are also frivolous because they are not supported by case law. (ECF No. 87 at 4). Defendants contend that Plaintiff had no basis to pierce the corporate veil and file the claims against the Individual Defendants, and that Plaintiff improperly delayed discovery. *See* Transcript. Defendants conclude that because "Plaintiff did little other than file a motion for default judgment against an unrepresented party, one can only assume that the purpose of filing

this . . . case was to harass or attempt to force the newly added defendants into some type of monetary settlement." (*Id.* at 6-7). Plaintiff disputes Defendants' argument that the claims are unwarranted by case law and argues that facts learned during the deposition of Defendant Nicholas Zettler support the claims against the Individual Defendants. *See* Transcript. Plaintiff also offered various explanations for his delay in discovery in these cases. *Id.*

After considering the *Big Yank* factors, the Court concludes that attorneys' fees are not warranted. In considering the first factor, the Court agrees with Defendants that Plaintiff's claims were meritless. The fraud claim was filed outside the applicable statute of limitations and was dismissed for that reason. (ECF No. 42). The remaining claims of breach of contract, warranty, and unjust enrichment were also found to be meritless by this Court, and summary judgment was granted in Defendants' favor on all counts. (*See* ECF No. 84).

Upon consideration of the second factor, the Court finds that Plaintiff did not know, nor should have known, that the claims were without merit. Plaintiff's counsel testified that he believed the Ohio Savings Statute applied and thus saved the fraud claim from dismissal based upon the statute of limitations. *See* Transcript. While that argument was ultimately rejected, the Court agrees that there was at least a colorable argument that the savings statute applied. The Defendants so acknowledged during the hearing. *See* Transcript. Thus, the Court finds that the Plaintiff did not know that the fraudulent misrepresentation claim was meritless. As for the remaining claims, Plaintiff explained at the hearing that he believed facts learned during the deposition of Defendant Nicholas Zettler supported the claims against the Individual Defendants. *See* Transcript. Thus, the Court also finds that Plaintiff did not know the breach of contract, warranty, and unjust enrichment claims were meritless.

Turning to the third and final factor, the Court finds that none of Plaintiff's actions demonstrates the improper purpose or bad faith necessary to support an award of attorneys' fees. As mentioned, there was a colorable argument that the Ohio Savings Statute applied so the Court does not find the fraudulent misrepresentation claim was filed in bad faith. Nor were the remaining claims filed in bad faith. Plaintiff filed the claims against the Individual Defendants based on facts learned during the deposition of Defendant Zettler. *See* Transcript. Plaintiff stated that he "still believe[s] the Individual Defendants "should be held legally responsible." *Id*. He further stated that would have considered dismissing at least one of the individual defendants after discovery, had the case progressed that far. *Id*. Though Plaintiff did delay discovery, he offered various explanations for his delay in discovery in these cases, including difficulties stemming from the fact that Defendants told him Substruct, a now-defunct company, was the proper custodian of the records. *Id*. While the Plaintiff's conduct is concerning, the Court is convinced that Plaintiff did not act with the requisite level of bad faith to warrant attorneys' fees. Thus, Defendants' motion for attorneys' fees is hereby **DENIED**.

### B. Defendants Are Entitled to Costs.

In addition to requesting attorneys' fees, the Defendants also seek costs under Federal Rule of Civil Procedure 54(d), Local Rule 54.1, and 28 U.S.C. § 1920. (ECF No. 87 at 9; ECF No. 88). Plaintiff does not oppose Defendant's request for costs. (ECF No. 90 at 2, n. 3). Thus, Defendants' motion for costs in the amount of $1071.10 is hereby **GRANTED**.

### IV. CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion for Attorneys' Fees but **GRANTS** Defendants' Request for Taxation of Costs in the amount of $1071.10.

**IT IS SO ORDERED.**

s/Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**Dated: December 28, 2017**