# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RUTHERLAN ENTERPRISES, INC., : | |
| : | Case No. 2:14-cv-00019 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| ZETTLER HARDWARE, *et al.*, : | |
| : | |
| Defendants. : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Amend this Court's Opinion and Order granting costs. (ECF No. 99). For the following reasons, Plaintiff's Motion is **DENIED**.

## I.  BACKGROUND

This Court set forth the factual background of this case in its Opinion and Order denying Defendants' Motion for Attorney's Fees (ECF 98) which is hereby incorporated by reference. In summary, this Court entered summary judgment for the Defendants on August 26, 2016. (ECF No. 84). Rutherlan Enterprises, Inc. appealed. While the case was on appeal, Defendants moved for attorney fees and submitted a bill of costs. (ECF No. 87). The Clerk set a briefing schedule on the issue of costs. The Sixth Circuit affirmed the Court's Order on Summary Judgment on June 21, 2017. (ECF No. 92)

On August 4, 2017, pursuant to Federal Rule of Civil Procedure 54(d)(1), the Clerk denied Defendants' bill of costs. (ECF No. 94). The Clerk determined the defendants did not "provide[] the appropriate supporting document as to these costs nor have they demonstrated the necessity of the costs incurred." *Id.* In addition, the Clerk noted that if the defendants wanted

1

the court to review the clerk's decision, "a motion to review the Clerk's taxation of costs must be served within seven (7) days." *Id.* Neither party made such motion.

On October 31, 2017, this Court held a hearing on the Defendants' Motion for Attorney Fees. This Court then denied the request for attorney fees but granted Defendant's request for Taxation of Costs in the amount of $1,071.10. (ECF 98). On January 25, 2018, Plaintiff filed a Motion for Reconsideration of the Court's order regarding the bill of costs. (ECF 99). That motion is now fully briefed and ripe for review.

## II.     LAW & ANALYSIS

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) will be granted in limited circumstances. A court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc.*, 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, 2006 WL 3483964, at *2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of finality . . . and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id*. A motion under Rule 59(e) may not be brought to relitigate issues previously considered by a court or to present

evidence that could have been raised earlier. *See J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006).

Federal Rule of Civil Procedure 54(d) governs awarding costs to prevailing parties. A prevailing party may recover costs "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise." Fed. R. Civ. P 54(d)(1). Rule 54 allows the Clerk to "tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Here, the Defendants filed no objection upon the Clerk's denial of costs. Plaintiff argues that Defendants' failure to object resulted in waiver of their right to have the Court review the Clerk's denial of costs and that this Court was without authority to award costs after the Clerk denied them.

Plaintiff's Motion to Reconsider argues that this Court improperly awarded costs to the Defendants after the Clerk had denied the costs. While the sequence of events in this case is not the typical procedure for review of costs, the awarding of costs was not a clear error of law requiring this Court to reconsider its Order. The Sixth Circuit has held that "the district court has the inherent and statutory authority to act on motions related to costs prior to any action by the clerk . . . ." *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 428 (6th Cir. 2005), abrogated on other grounds by *Taniguchi v. Kan Pac. Saipan, Ltd.,* 566 U.S. 560 (2012). The time limit for objecting to the Clerk's cost determination "is not jurisdictional, and courts may, in their discretion, consider untimely objections." *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 459 (3d Cir. 2000). Thus, although the typical process would be for the Clerk to decide the issue of costs in the first instance, a district court need not wait for the Clerk to do so and may consider untimely objections.

There is a dearth of case law on this matter, but district court review of magistrate judges' reports and recommendations presents an analogous context. Review of magistrate judge reports and recommendations is governed by 28 U.S.C. § 636. After a magistrate judge issues a report and recommendation to the district court, parties have fourteen days to file objections. 28 U.S.C. § 636(b)(1). If parties file objections, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Supreme Court has upheld the Sixth Circuit's rule that if a party does not timely object, that party has waived the right to appeal the magistrate's decision. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). But "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* Although the Federal Magistrates Act does not have identical language to Federal Rule of Civil Procedure 54, both 28 U.S.C. § 636 and Rule 54 have been interpreted to allow for waiver of the right to have the district court review a decision—in one instance, a decision from the magistrate and in the other, a decision from the Clerk. And, as with the Federal Magistrates Act, the Sixth Circuit has interpreted the deadlines set forth in Rule 54 so as not to deprive the district court of jurisdiction to consider the issue of costs.

Additionally, the Defendants' Motion for Attorney Fees included a request for costs. Plaintiff's Response in Opposition to the Motion for Attorney Fees, filed before the Clerk entered its Order denying costs, noted that "Plaintiffs do not dispute that Defendants are entitled to allowable costs as set out in 28 U.S.C. § 2412 and Federal Rule of Civil Procedure 54(d)." (ECF No. 90 at 2 n.3). This Court relied on such failure to object in granting the Defendants' request for costs.

4

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Reconsider is hereby **DENIED.**

    **IT IS SO ORDERED.**


                                                                 /s/ Algenon L. Marbley
                                                     **ALGENON L. MARBLEY**
                                                     **UNITED STATES DISTRICT JUDGE**

**DATED: June 24, 2019**